Derbigny, J.
delivered the opinion of the court. The husband of the plaintiff and appellant having made a surrender of his property to his creditors, she demands to be paid her matrimonial rights by privilege.
*342 East'n. District.
May 1816.
In support of her claim, she produces her marriage contract, on the face of which it does appear, that she brought nothing at the time of her marriage, but gave power to her husband to collect any sum which might be, or become, due to her. It is in evidence, that in consequence of that authorisation, he received some years after a sum of money, which she now claims.
For her title to a privilege, the appellant relies principally on the custom of Bordeaux, where the marriage took place. There it is shewn married women have for the reimbursement of their dowry, dot, not only a mortgage on the real estate of their husbands, but a privilege upon all their property, whether real or personal. Thus, if the plaintiff had succeeded to shew that the rights which she claims are dotal, it would be worth inquiring how far the law of the place where the marriage was contracted, would affect the rights of creditors in this country, on personal property acquired here; and also whether the laws which prevailed here, when the plaintiff arrived in this country, and by which married women enjoyed a similar privilege on the estate of their husbands, would be applicable to her case. But, the rights of the plaintiff are evidently not of the dotal kind; the expressions of her marriage contract repel *343 interpretation in favor of her claim. The parties there explicitly declare that they possess nothing for the present to bring into marriage: n’avoir rien a se constituer pour le present.
The subsequent clause by which she authorises her husband to collect her dues, even if there were not such negative expressions in the preceding, could never be construed as intended for a constitution of dowry. “ In our district," says Salviat, on the jurisprudence of Bordeaux, " every thing is considered as dotal which is given to a woman, in consideration of her marriage, or to bear the charges of it, even when the constitution is not express, and neither the words constitution or dot are used. It is, however, needful that there should exist a contract, evidently shewing that a dot was given or promised : for in this district, no implied one is known. If there be no marriage contract, none of the property belonging to the wife is dotal, and if there be a contract, no property is dotal, except that which is thereby expressly destined to be dotal.” Jurisprudence du parlement de Bordeaux, verbo Dot.
The rights of the plaintiff not being dotal, she can claim nothing more against the estate of her husband than a mortgage upon his real property. The parish judge, in recognising *344 that mortgage and giving judgment in her favour for the amount claimed, has done her ample justice.
Livingston for the plaintiff, Seghers for the defendant.
It is ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.
See same case, February Term 1817.